# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF COLORADO
Bankruptcy Judge Sid Brooks

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Bankruptcy Case No. |
| MICHAEL ALAN STONEBERG, | ) | 12-10424-SBB |
| | ) | Chapter 7 |
| Debtor. | ) | |
| | ) | |
| Last four digits of SS#: 1443. | ) | |

## ORDER DENYING DEBTOR'S MOTION FOR RECONSIDERATION (DOCKET #31)

THIS MATTER comes before the Court for consideration of the Notice of Motion and Motion for Reconsideration filed by Michael Alan Stoneberg ("Debtor") on March 12, 2012.[1] The Court, having reviewed the Motion for Reconsideration, its ruling on February 28, 2012,[2] the Order Granting Relief from Automatic Stay to GMAC Mortgage, LLC (Successor by Merger with GMAC Mortgage Corp.) ("GMAC")[3] and the corresponding Judgment[4] entered on on February 28, 2012, and the within case file, enters the following Order.

## I. Background

The Debtor filed his Chapter 7 bankruptcy case on January 11, 2012. In Schedule D, Debtor listed GMAC as a creditor on his single family residence located at 831 Gothic Road, Mt. Crested Butte, CO 81225 (the "Residence").[5] In Schedule A, Debtor further listed the current value of the property at $465,000.00 with total secured claims of $438,575.00. The Debtor acknowledges in his Statement of Financial Affairs that a foreclosure sale was pending on the Residence and that the name of the creditor was GMAC.

On February 1, 2012, GMAC filed a Motion for Relief from Automatic Stay on Debtor's Residence. In the Motion for Relief from Automatic Stay, GMAC alleged that the Debtor had failed to make twenty-five (25) monthly payments through February, 2012. The alleged arrearage at the time of the filing of the motion was $87,799.56. GMAC asserts further that the total amount due and owing under the loan is $467,317.22.

---

[1] Docket #31.

[2] As noted in the Minutes of Proceeding dated February 28, 2012 (Docket #23).

[3] Docket #24.

[4] Docket #25.

[5] Debtor appears to have listed this with some minor punctuation errors: 831 Gothic Road Mt., (sic) Crested Butte, CO 81224.

Debtor, through counsel, filed an Objection to the Motion for Relief from Stay. In his Objection, Debtor states that he had filed an adversary proceeding, Adversary Case No. 12-01085-SBB, which contained his defenses to the relief requested in the Motion for Relief from Stay. These defenses included:

A. That GMAC lacked standing to foreclose on the Debtor's Residence;

B. That GMAC failed to serve the Debtor with notice of the foreclosure;

C. That Debtor did not receive written notice of default and therefore was deprived of the opportunity to cure the default;

D. That the original loan documents had been "marked, redacted, altered, and/or forged"; and

E. That the Debtor had made timely payments under the loan.

Debtor did not personally appear at the hearing, but his counsel made arguments, offers of proof, and statements to the Court. Nonetheless, no evidence was presented to defend against the Motion for Relief from the Automatic Stay. Consequently, relief from the automatic stay was granted to GMAC.

## II. Discussion

### A. The Basis for Reconsideration Asserted

The Motion for Reconsideration is sought under FED.R.CIV.P. 60(b)(1).[6] The Debtor urges this Court to conclude that he should be relieved of the judgment because of "mistake, inadvertence, surprise, or excusable neglect."[7] The Debtor contends that he should be relieved of the Order Granting Relief from Stay because his attorney failed to file the document attached to the Notice of Motion and Motion for Reconsideration. Moreover, he contends that the recent decision of the Tenth Circuit Court of Appeals in *Miller v. Deutsche Bank National Trust Company (In re Miller),*[8] supports his rather amorphous, unsupported, and conclusory argument that somehow the creditor here, GMAC, has no standing to bring the Motion for Relief from Automatic Stay filed on February 1, 2012.

### B. The Respective Burdens of Proof

---

[6] Made applicable to bankruptcy cases through Fed.R.Bankr.P. 9024.

[7] FED.R.CIV.P. 60(b)(1).

[8] 666 F.3d 1255 (10th Cir. 2012).

   1. <u>Relief from Stay Burden of Proof</u>

Pursuant to 11 U.S.C. § 362(d),

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay–
> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest;
> (2) with respect to a stay of an act against property under subsection (a) of this section, if–
>  (A) the debtor does not have an equity in such property; and
>  (B) such property is not necessary to an effective reorganization...

At a hearing concerning relief from the automatic stay,

> (1) the party requesting such relief has the burden of proof on the issue of the debtor's equity in the property; and
> (2) the party opposing such relief has the burden of proof on all other issues.[9]

  Counsel for GMAC tendered witness lists together with the exhibits to be presented at a final hearing in this matter, if necessary and appropriate. Counsel for GMAC further made argument and offers of proof to the Court. GMAC satisfied the burden of proof with respect to the debtor's lack of equity in the property. On the other hand, Debtor put on no countervailing evidence or offers of proof reflecting that there was any equity in the property.

  Furthermore, the Debtor produced nothing in the way of proof or offers of proof, with respect to any of his defenses (i.e., that GMAC lacked standing to foreclose on the Debtor's Residence, that GMAC failed to serve the Debtor with notice of the foreclosure, that Debtor did not receive written notice of default and therefore was deprived of the opportunity to cure the default, that the original loan documents had been "marked, redacted, altered, and/or forged; and/or that the Debtor had made timely payments under the loan). The Debtor did not personally attend the hearing and has, to date, offered no specific countervailing proof with respect to his defenses. Debtor's arguments and allegations are theoretical expositions, assumptions, hypothetical generalizations, and a recitation of articles and cases he has read, all of which have little or no bearing on the Court's ruling on the Motion for Relief from Automatic Stay.

   2. <u>Rule 60(b) Burden of Proof</u>

---

[9] 11 U.S.C. § 362(g)(1) and (2).

As Judge Romero of this Court noted recently,

> Relief from judgment under Rule 60(b) falls within the discretion of the Court, but such relief is extraordinary, and should only be granted in exceptional circumstances. The burden of proof on a movant is a high one, because a Rule 60(b) motion is not a substitute for an appeal.[10]

Here, as in the Judge Romero's *Howarth* opinion, the Motion for Reconsideration presents nothing new for this Court to consider other than disconnected and extended argument of points already raised by counsel. The Debtor has simply provided nothing exceptional that would persuade this Court to grant the extraordinary relief requested. Nonetheless, this Court will address a few key points raised in the Motion for Reconsideration.

### C.    The Alleged Failure to File the Document Attached to this Motion Is Not a Valid Ground for Reconsideration

Debtor contends that his counsel, despite being provided with the document attached to the Motion for Reconsideration did not file the document. As is addressed with specificity below, the document attached to this Motion for Reconsideration, is without merit, spurious, frivolous, and abusive. It does not comport with good faith in pleading, nor does it comport with FED.R.BANKR.P. 9011. In fact, this Court can conclude that it was for good reason that counsel did not file this document with the Court.

More importantly, however, the more lucid components of the documents attached to this Motion for Reconsideration *were* raised and argued by counsel for the Debtor. It is also important to note that the documents attached to this Motion, which reference that they are declarations or affidavits, are *not* signed by Debtor in violation of FED.R.BANKR.P. 9011(a).

### D.    The Debtor Has Acknowledged That GMAC Is a Creditor on the Residence

Debtor's own pleadings reflect that he admits and acknowledges that GMAC is a creditor. This is reflected in Debtor's Schedules A and D and in his Statement of Financial Affairs. Moreover, in his prior bankruptcy case, Case No. 11-10128-SBB, he also acknowledged GMAC as a creditor in his Schedules A and D. Further, GMAC filed a Motion for Relief from Automatic Stay on February 4, 2011 in the prior case.[11] Debtor did not respond to this Motion for Relief from Automatic Stay and the Order Granting GMAC's Motion for Relief from

---

[10]    *In re Howarth,* 2011 WL 4018255, *2 (Bankr. D. Colo. 2011) (citations omitted).

[11]    Docket #12 in Case No. 11-10128-SBB.

Automatic Stay was entered on March 2, 2011.[12] Thus, by Debtor's own admissions it appears that GMAC is a creditor and holds a lien on the Residence.

> **E. The Debtor Has Provided No Evidence with Respect to his Remaining Defenses and Assertions**

Other than merely alleging that GMAC failed to serve the Debtor with notice of the foreclosure, there has been no evidence produced or offered to demonstrate this. Moreover, based upon his acknowledgment of the foreclosure in his Statement of Financial Affairs, Debtor knew the foreclosure was pending. His allegation that he did not have an opportunity to cure the default also appears disingenuous and is unfounded based upon the relief from the automatic stay being granted in the prior bankruptcy case. The Court notes that the allegation in the Motion for Relief from the automatic stay in his prior bankruptcy case indicated he was behind in the sum of $45,970.41. At a minimum, Debtor would have known about the arrearage during the prior case. The Court is not convinced that the arrearage was a surprise to the Debtor.

The Debtor has produced no countervailing documentation to support his allegation that the original loan documents have been "marked, redacted, altered, and/or forged." GMAC produced photocopies of documents at the preliminary hearing on the Motion for Relief from Stay and these exhibits were not refuted.

Finally, the Debtor has contended that he has made timely payments under the loan, yet he has produced no evidence or offers of proof either at the preliminary hearing on the Motion for Relief from Automatic Stay or in this Motion for Reconsideration. Debtor comes before this Court with nothing to support his allegations and generalizations as to the conduct of GMAC and his treatment under the loan.

**III. Order**

IT IS THEREFORE ORDERED that Debtor's Motion for Reconsideration is DENIED.

Dated this 15th day of March, 2012.

BY THE COURT:

_Sid Brooks_
Sidney B. Brooks,
United States Bankruptcy Judge

---

[12] Docket #15 in Case No. 11-10128-SBB.